ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401 (k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,**

Plaintiffs,

vs.

**Harvey Electric, Inc.**

Defendant.

Civil No.: 01-CV-169 DWF/AJB

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

This matter was heard before the undersigned on the 26th date of April, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on January 29, 2001 seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Harvey Electric, Inc. was served with a Summons and Complaint in this matter on January 30, 2001.

3. Defendant has failed to file and serve an Answer to the Summons and

FILED APR 26 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD APR 26 2001
DEPUTY CLERK

Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

6. Defendant failed to timely produce reports and to pay contributions owing for the period November, 2000 through February, 2001.

7. The bargaining agreement provides that Defendant must pay liquidated damages of $1000 for delinquent contributions received after the end of the month in which they were due.

8. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to the relief sought in the Complaint.

2. Defendant must produce the fringe fund reports and contributions for the months of November, 2000 through February, 2001 and any additional months that are

due as of the date of this Order.

3. Defendant owes $1000 in liquidated damages.

4. Defendant owes attorneys' fees and costs in an amount to be determined upon affidavit of Plaintiffs' counsel.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant must produce monthly fringe benefit reports for the period November 2000 thought he date of this Order.

3. That Plaintiffs are entitled to judgment for amounts shown to be owing pursuant to those reports.

4. That Plaintiffs are entitled to judgment for an additional $1,000 per month in liquidated damages for each month for which Defendant failed to timely submit reports.

5. That Plaintiffs are entitled to judgment in an amount to be determined upon application of Plaintiffs' counsel by affidavit, for attorneys' fees and costs associated with this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 26, 2001

BY THE COURT

Donovan W. Frank
Judge of District Court